**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 15-35615 |
| RAAM GLOBAL ENERGY COMPANY, | § | |
| *et al.*,[1] | § | |
| | § | Chapter 11 |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | Re: Dkt. No. 204 |
| | § | |

**ORDER GRANTING FINAL APPLICATION OF DLA PIPER LLP (US)
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING
THE PERIOD NOVEMBER 10, 2015 THROUGH MARCH 31, 2016**

Upon the application (the "Fee Application")[2] of DLA Piper LLP (US) ("DLA Piper"),

counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-

captioned chapter 11 cases of the debtors and debtors in possession (the "Debtors"), pursuant to

sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy

Procedure and Local Bankruptcy Rule 2016-1, for approval, allowance, and payment of

compensation of fees for actual and necessary professional services rendered during the period

from November 10, 2015 through March 31, 2016 (the "Application Period") and reimbursement

of actual and necessary expenses incurred during the Application Period; and the Court having

---

[1]     The Debtors in these cases, and each of their respective last four digits of each Debtor's federal tax identification number, are: RAAM Global Energy Company  (2973); Century Exploration New Orleans, LLC (4948); Century Exploration Houston, LLC (9624); and Century Exploration Resources, LLC (7252).

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Fee Application.

WEST\268738405.2

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fee Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fee Application having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Fee Application (the "Hearing"); and the appearances of all interested parties having been noted on the record of the Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Fee Application establish just cause for the relief granted herein; and after resolution of informal objections to the Fee Application by the United States Trustee for the Southern District of Texas (the "US Trustee"); and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED THAT:**

1. The Fee Application is approved, as set forth herein.

2. DLA Piper's fees and expenses requested in the Fee Application are allowed on a final basis in the amount of $544,929.50 for payment of compensation and $6,497.05 for reimbursement of expenses incurred by DLA Piper as counsel for the Committee during the Application Period, for a total of $551,426.55.[3]

---

[3] DLA Piper's fees have been reduced by $11,434 of total fees billed and by $1,551.19 of expenses incurred, as agreed upon by the US Trustee and DLA Piper. The adjusted fees and expenses also include DLA Piper's actual fees and expenses incurred for the period February 1, 2016 through March 28, 2016, the invoices for which have been filed with the Court by supplemental notice.

WEST\268738405.2

- 3 -

3.      The Liquidating Trustee is authorized and directed to pay DLA Piper's approved fees and expenses for the Application Period, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

4.      The Liquidating Trustee is authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Fee Application.

5.      Notwithstanding Bankruptcy Rule 6004, this Order shall be immediately effective and enforceable upon its entry, and the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated:      March __, 2016

 

MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

*/s/ Nancy L. Holley*
Trial Attorney for the United States Trustee

- 3 -

WEST\268738405.2